MEMORANDUM **
Guriqbal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ order summarily dismissing his appeal from an immigration *639 judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence. Sidhu v. INS, 220 F.3d 1085, 1088 (9th Cir.2000). We deny the petition for review.
Substantial evidence supports the IJ’s explicit adverse credibility finding because the IJ properly relied on discrepancies in Singh’s passport and testimony about events leading up to his departure from India. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003) (affirming negative credibility finding based on, inter alia, discrepancies regarding petitioner’s identification documents); Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001) (affirming negative credibility finding based on, inter alia, inconsistencies in petitioner’s testimony about events leading to his departure). Because the IJ had reason to question Singh’s credibility, the IJ reasonably took into account Singh’s failure to provide corroborating evidence in support of his claim of persecution, see Sidhu, 220 F.3d at 1090-92, and we are not compelled to conclude that corroborating evidence was unavailable, see 8 U.S.C. § 1252(b)(4)(D). Thus, Singh failed to establish eligibility for asylum. See Farah, 348 F.3d at 1156.
Because Singh failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. See id.
Because Singh’s CAT claim is based on the same testimony the IJ found to be not credible, and Singh points to no other evidence the IJ should have considered, he has failed to establish that the record eompels a finding of eligibility for CAT relief. See id. at 1157.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.